**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **XIE J. BRADLEY,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 5:16-CV-0140-CAR-MSH** |
| **VS.** | : | |
| | : | |
| **UPSON COUNTY JAIL,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

This case is currently before the Court due to Plaintiff Xie Bradley's repeated failure to comply with the orders of this Court.   On May 9, 2016, Plaintiff was ordered to recast his complaint. *See* Order, May 9, 2016, ECF No. 5.   Plaintiff was given twenty-one days to comply and warned that a failure to comply with an order of the court could result in the dismissal of his complaint. *Id*.   The time allowed for compliance nonetheless expired without Plaintiff's filing a recast complaint; and the United States Magistrate Judge has since twice ordered Plaintiff to show cause why his lawsuit should not be dismissed for failure to comply.  *See* Show Cause Orders, ECF No. 7, 11.   The second show cause order additionally warned Plaintiff that the relevant statute of limitations may bar him from refiling his complaint at a later time. See *id.*

The time for filing a response to the Court's second show cause order expired on October 17, 2016.   Plaintiff again did not submit a recast complaint within the time allowed; nor did he otherwise attempt to show good cause why he has repeatedly failed to

comply with the orders of this Court.[1]  Plaintiff's complaint is thus properly **DISMISSED** for his failure to comply and diligently prosecute his case.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") *See also*, 28 U.S.C. § 1915A(b) (authorizing *sua sponte* dismissal prior to service for failure to state a claim).

Because Plaintiff may be barred from refiling these claims, the Court has also, in an abundance of caution, reviewed the extremely vague allegations in Plaintiff's original pleading under 28 U.S.C. § 1915A(a).[2]  After doing so, the Court finds that the allegations in his complaint fail to state a claim upon which relief may be granted.  Plaintiff's pleading - also titled "State of Georgia Motion for Knowingly and Willfully Violating USCA Const. Amend. 14," ECF No. 1 - neither names a defendant subject to suit under 42 U.S.C. § 1983 nor includes facts sufficient to state a viable claim based on either a denial of access to the legal material or the prison's policy to record and/or monitor prisoner's phone

---

1 Plaintiff did file motions to proceed *in forma pauperis* ("IFP") in response to the Court's initial order and *first* order to show cause. *See* ECF Nos. 6, 10.  Plaintiff's motions to proceed IFP, *id.*, are **GRANTED** for the purpose of this dismissal.  Plaintiff's later filed motion - titled "State of Georgia's Motion for Knowingly and Willfully Violating USCA Const. Amend. 14" - is nothing more than a resubmission of Plaintiff's original complaint and is not responsive to the Court's orders. *See* ECF No. 9. Plaintiff has filed no response to the second show cause order and never recast his complaint as ordered.

2 When performing this review, the district court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and the claims must be "liberally construed."  The district courts are thus "obligated, as part of [the] screening protocol, to seek out and identify any and all cognizable claims of the plaintiff," even if the claims are mislabeled. *Ford v. Hunter*, 534 F. App'x 821, 825 (11th Cir. 2013).

conversations.   *See generally, Brannon v. Thomas County Jail*, 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) ("County Jail is not an entity capable of being sued under Georgia law"); *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (prisoners have no "abstract, freestanding right to a law library or legal assistance"). *See also e.g., Brown v. Temple*, No. CIV.A. 11-0797-JJB, 2013 WL 1335750, at *4 (M.D. La. Apr. 1, 2013) (allegations that prison recorded telephone communication with counsel, standing alone, did not state claim where prisoner had other means of conferring with counsel, i.e., in person or by mail).

Therefore - and because Plaintiff failed to cure the deficiencies in his initial pleading despite being allowed multiple opportunities to do so[3] - his complaint is also properly **DISMISSED WITH PREJUDICE** pursuant to both 28 U.S.C. § 1915A(a). Plaintiff's motion for hearing (ECF No. 4) is **MOOT**.

**SO ORDERED** this 15th day of December, 2016.


S/ C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Plaintiff was notified of deficiencies in his complaint and advised how he should redraft the pleading (using the standard form) in the order to recast, ECF No. 6.